## Cumberland Valley Cooperative Association v. Martin

*Carol J. Lindsay,* for plaintiff.
*Sally A. Winder,* for defendants.

BAYLEY, *J.,* April 23, 1991—Plaintiff, Cumberland Valley Cooperative Association, sells agricultural supplies. In 1984, defendants, Daniel and Rhoda Martin, purchased supplies from plaintiff on an open account at an interest rate of 18 percent. In December 1984, the balance on the account was $19,166.79. When defendants were unable to pay their debt, plaintiffs, as an accommodation, allowed them to enter into a written agreement dated December 31, 1984. That agreement, in the form of a note, permitted defendants to pay their $19,166.79 debt in $300 monthly installments commencing January 28, 1985, and continuing until October 31, 1995, "with interest on the unpaid principal at the rate of 15 percent per annum from date hereof until paid in full." The agreement further empowered an attorney of any court of record in Pennsylvania to enter judgment on the note. This accommodation allowed defendants to pay their debt in set monthly install-

three percent below what they had been obligated to pay on their open account.

Starting with the payment due in January 1985, with a few exceptions thereafter, defendants made the $300 monthly payments as required until December 1990, with plaintiff applying the funds first to interest and then to principal as it is allowed to do under the agreement dated December 31, 1984. On April 19, 1985, in order to secure its interest, plaintiff entered the note against defendants in the Office of the Prothonotary of Cumberland County. On April 18, 1990, plaintiff revived the judgment of April 19, 1985. After service of the notice of revival by the sheriff, defendants filed an answer to the writ of revival, averring:

"Admitted that plaintiff claims the amount $19,166.79, with interest from December 31, 1984, but it is denied that plaintiff is entitled to this sum, plus interest. On the contrary, defendants have paid $300 per month to plaintiff since May 1985, and the amount to which plaintiff is entitled on the judgment, interest and costs, has been reduced to a principal balance of approximately $4600."

The matter was listed for a bench trial and the parties agree that the sole issue to be decided by the court is the proper rate of interest on defendants' debt to plaintiff. Defendants claim that the proper interest is the "legal rate of 6 percent from the date of judgment and not at the 15 percent rate contained in the note." They rely on the Judicial Code at 42 Pa.C.S. §8101, which provides:

"§8101. *Interest on judgments*

"Except as otherwise provided by another statute, a judgment for a specific sum of money shall bear interest at the lawful rate from the date of the

verdict or award, or from the date of the judgment, if the judgment is not entered upon a verdict or award.''

The legal interest rate in Pennsylvania is 6 percent. 41 Pa.C.S. §202.

The intent of the parties could not be clearer. Defendants owed plaintiff $19,166.79 on an open account carrying an interest rate of 18 percent. As an accommodation to defendants, and in consideration for defendants signing a note providing security to plaintiff, the interest rate was reduced to 15 percent with set monthly payments. On April 19, 1985, plaintiff entered judgment on the note after defendants had already made three installment payments when due, which payments continued almost six years before defendants stopped making payments. Pursuant to the parties specific agreement, plaintiff has applied all payments to interest at the rate of 15 percent, then to the principal remaining on the debt.

The specific intent of the parties prevails as to the interest rate. *Pierney v. Merrill Feidman & Jacob Feidman Inc.,* 19 Phila. Rep. 267 (1989); *Sicari v. Barua,* 43 D.&C. 3d 647 (1986); see, dicta in *Miller v. City of Reading,* 369 Pa. 471, 87 A.2d 223 (1952); contrast, *Dunbar v. Dunbar,* 9 D.&C. 3d 214 (1978); *American Bankers Finance Company v. Majeski,* 22 Delaware Rep. 433 (1932). On the unique facts of this case, where the parties expressly bargained for an interest rate of 15 percent on the note, upon which judgment was entered after payments had already commenced, we are satisfied that the note lawfully carries a 15-percent interest rate. Accordingly, the following order is entered.

## ORDER OF COURT

And now, April 23, 1991, the judgment entered by plaintiff against defendants on April 19, 1985, and revived on April 18, 1990, is due with interest on the unpaid principal at a rate of 15 percent per annum from December 31, 1984, until paid in full.